COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


PHILLIP BRADLEY LESTER AND
 DOUGLAS RALE LESTER[1]

MEMORANDUM OPINION[*] BY
v.         Record No. 0432-97-3          JUDGE RICHARD S. BRAY
                                         JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Keary R. Williams, Judge

David L. Epling for appellant Phillip Bradley
Lester.

Eugene Murphy, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Phillip Lester (defendant) entered a conditional guilty plea

for receiving stolen property in violation of Code § 18.2-108,

thereby preserving his right to appeal the trial court's denial

of his motion to suppress inculpatory statements made to police.[2]

 Finding no error, we affirm the conviction.

The parties are conversant with the record, and this

memorandum opinion recites only those facts necessary to

---

[1]Both appellants noted an appeal of the trial court's order
dated June 9, 1997 nunc pro tunc February 20, 1997.  The Court
notes that the appeal noted on behalf of Douglas Rale Lester
appears to have not been pursued.

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[2]Our decision with respect to defendant's initial confession
to police is dispositive of this appeal, and we decline to
address defendant's assignment of error related to the later
statement.

disposition of the appeal.

In accordance with well established principles, we view the evidence in the light most favorable to the Commonwealth, the prevailing party below. Moore v. Commonwealth, 25 Va. App. 277, 283, 487 S.E.2d 864, 867 (1997).

Incidental to an investigation of a "breaking and entering" and related theft of a safe, Buchanan County Sheriff's Deputy Ronnie Keene learned that two suspects were relying upon defendant for an alibi. Defendant was then incarcerated in the county jail for a traffic offense, and Keene arranged an interview "to see if [the two] had been [at defendant's home]" and whether defendant, though not a suspect, "knew anything about" the crimes. To accommodate the meeting, defendant was relocated from "the lower part of the jail" to another room within the facility. During the 20-minute interview, defendant, without being advised of his Miranda rights, admitted to Deputy Keene and Investigator Randall Lester that the suspects came to his residence with the stolen safe, forced it open and gave him approximately $4,300 in cash from the contents, after which he assisted in disposal of the safe.

In urging the court to suppress his confession, defendant contended that the statement was coerced during a custodial interrogation without the protection of the requisite Miranda warning and, therefore, inadmissible into evidence. See Miranda v. Arizona, 384 U.S. 436 (1966). The trial court denied the

motion, resulting in this appeal.

"Failure to give _Miranda_ warnings prior to _custodial interrogation_ requires suppression of any illegally obtained statements." _Blain v. Commonwealth_, 7 Va. App. 10, 13, 371 S.E.2d 838, 840 (1988) (emphasis added) (citation omitted). However, the custody contemplated by _Miranda_ does not necessarily coincide with confinement in jail or prison on an unrelated matter. _See_ _Blain_, 7 Va. App. at 13-14, 371 S.E.2d at 840; _United States v. Conley_, 779 F.2d 970, 973 (4th Cir. 1985) ("prison inmate is not automatically in 'custody' within the meaning of _Miranda_"); _Cervantes v. Walker_, 589 F.2d 424, 427 (9th Cir. 1978) (rejecting a per se rule that any investigatory questioning within a prison requires _Miranda_ warnings). "The test . . . is whether there has been 'a change in the surroundings of the prisoner which results in an added imposition on his freedom of movement,' . . . 'more than the usual restraint on a prisoner's liberty to depart.'" _Blain_, 7 Va. App. at 14, 371 S.E.2d at 840-41 (quoting _Cervantes_, 589 F.2d at 428).

"[T]he issue whether a suspect is 'in custody,' and therefore entitled to _Miranda_ warnings, presents a mixed question of law and fact qualifying for independent review." _Thompson v. Keohane_, 516 U.S. 99, 102 (1995). However, "[w]e review the trial court's findings of historical fact only for 'clear error.'" _Quinn v. Commonwealth_, 25 Va. App. 702, 712-13, 492 S.E.2d 470, 475-76 (1997) (citations omitted). To prevail on

- 3 -

appeal, defendant must "show that the trial court's decision constituted reversible error."  Id. at 712, 492 S.E.2d at 475 (citations omitted).

Here, guided by our deferential standard of review, we find that defendant was removed from one area of the jail to a room more appropriate for an interview by the two investigators, unattended by increased restraint.  The meeting was brief, neither accusatory nor confrontational, and free of oppressive police conduct.  A jailhouse interview conducted under such circumstances clearly did not enhance the custodial environment sufficiently to implicate Miranda warnings.

Similarly, the record does not support defendant's complaint of coercion.  The trial court was entitled to disbelieve defendant's version of the meeting, see generally Bryant v. Commonwealth, 10 Va. App. 421, 427, 393 S.E.2d 216, 220 (1990), and the record otherwise offers no support to his claim.  Indeed, although not dispositive, defendant acknowledged in his statement that he spoke "freely and voluntarily."

Accordingly, we affirm the decision of the trial court and affirm the conviction.

Affirmed.